UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MASSIEL URRUTIA-CASTELLON,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 5:26-cv-05086-KES

ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY

## I. BACKGROUND

On September 2, 2026, Massiel Urrutia-Castellon ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging her detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 9.)

Petitioner is a Nicaraguan who entered the U.S. without inspection in February 2022, was detained by immigration authorities shortly thereafter, and was then released on her own recognizance. (Pet. at 2.) She lived freely in the U.S. for the next four and a half years. (Id. at 2.) She filed applications for asylum,

withholding of removal, and Convention Against Torture protection. (Id. at 2.) An in absentia removal order was entered against her in May 2025, after she says her immigration counsel instructed her not to attend a hearing in immigration court, which counseled believed would be rescheduled; she is currently moving to reopen those proceedings. (Id. at 3, 11-12.) She is married a U.S. citizen who is a L.A. County Sheriff's Deputy, and in December 2025, USCIS approved the Form I-130 immediate-relative petition he filed on her behalf. (Id. at 2-3.) On August 6, 2026, her release was revoked and she was arrested by ICE when she voluntarily appeared for a biometrics appointment. (Id. at 2, 4, 12.)

The Petition raises the following claims:

Ground 1: Petitioner's arrest violated due process because she was not given a pre-detention hearing to determine whether she was a danger to the community or flight risk. (Id. at 43-44.)

Ground 2: Petitioner's detention violates substantive due process because she is not a danger to the community or flight risk. (Id. at 44).

Ground 3: ICE violated the Administrative Procedures Act ("APA") because they did not follow DHS regulations requiring written notice and an opportunity to be heard. (Id. at 44-45.)

Ground 4: Petitioner's detention violates Zadvydas v. Davis, 533 U.S. 678 (2001) because her removal is not reasonably foreseeable. (Id. at 45.)

The Petition seeks immediate release from custody on the conditions of release to which she was subject immediately before her most recent detention or, alternatively, a bond hearing before a neutral decisionmaker. (Id. at 48.)

On September 4, 2026 the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part, "**Failing to file an answer by the due date—or filing an answer that fails to substantively respond to any claim in the petition—may result in the Court granting the petition or claim as unopposed.**" (Dkt. 6 at 1-2 (emphasis in original).)

Respondents' response to the Petition was due by September 10, 2026. (Dkt. 5.) As of the date of this order, no response has been filed.

## II. DISCUSSION

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, the Court finds that granting the Petition is appropriate here. The Court previously warned Respondents that failure to oppose the Petition might result in the Court granting it. Moreover, based on conversations between leaders at the U.S. Attorney's Office and the district court, the Court understands that in some cases, the U.S. Attorney's Office intends to indicate its lack of opposition by filing neither a notice of appearance nor an answer.

Relief on Ground 1 of the Petition entitles Petitioner not only to release from custody but also the prospective injunctive relief set forth below. See, e.g., Medrano-Rocha v. Santacruz, 817 F. Supp. 3d 871, 882-83 (C.D. Cal. Jan. 23, 2026); Nieves v. Mullin, No. 5:26-cv-01471-DOC-DSR, 2026 WL 931143, at *4, 2026 U.S. Dist. LEXIS 77391, at *11 (C.D. Cal. Apr. 1, 2026); Fernandez v. Semaia, No. 25-cv-03412-SPG-MBK, 2026 WL 136229, at *7, 2026 U.S. Dist. LEXIS 10909, at *25 (C.D. Cal. Jan. 13, 2026).

Because granting relief on Ground 1 entitles Petitioner to all of the relief sought in the Petition, the Court will dismiss the remaining claims as moot.

## III. CONCLUSION

IT IS HEREBY ORDERED that:

1. Ground 1 of the Petition is granted, and Grounds 2-4 are dismissed as moot.

2. Respondents shall **immediately release** Massiel Urrutia-Castellon (A# 240-262-057) from custody.

3. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.

4. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.[1]

DATED: September 11, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).